**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

BRAMAN MOTORS, INC., *et al.*

       Plaintiffs,

   v.

BMW OF NORTH AMERICA, LLC, *et al.*,

       Defendants.

Civil Action No. 17-cv-23360-DPG

**DEFENDANT BMW NA'S OPPOSITION TO PLAINTIFFS' MOTION**
**FOR LEAVE TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD**

BMW NA opposes Braman's motion for leave to introduce "evidence" in support of its opposition to BMW NA's Motion for Summary Judgement, a motion which has been fully briefed, heard by the Court, and is already under consideration. (Dkt. No. 232). That "evidence" is four documents stapled to Braman's motion, with no authenticating affidavit or other explanation as to how this material constituted competent summary judgment evidence. It is far too late in the day for Braman to be "supplementing" its opposition—Braman never filed an affidavit pursuant to Rule 56(d) advising the Court that "for specified reasons, it cannot present facts essential to justify its opposition," and Braman's counsel confirmed to the Court at least twice during the September 2021 hearing on cross-motions for summary judgment that Braman did not require any additional discovery before the Court decided the pending motions. Moreover, the "facts" Braman now seeks to introduce are not relevant to any claim in the case and are not even properly supported by affidavit or otherwise. The Court has all the evidence before it that it needs to decide the pending dispositive motions.

## BACKGROUND

On February 17, 2021, Braman amended its complaint for the fourth time.  Among the revisions to its Fourth Amended Complaint were allegations specifically concerning the 2019 version of the Added Value Program ("AVP").  *See, e.g.*, Fourth Am. Compl. (Dkt. No. 222), ¶¶ 107-108.  No allegations regarding the 2022 version of the AVP were made and Plaintiffs have not moved to amend the Fourth Amended Complaint to do so.  *See generally* Fourth Am. Compl. (Dkt. No. 222).  On March 10, 2021, BMW NA moved for summary judgment on all counts of Plaintiff's Fourth Amended Compliant, including Count IV, which alleged that the Service Effectiveness metric of BMW NA's AVP violates section 320.64(42) of Florida's Dealer Act. During a September 27, 2021 hearing (Dkt. No. 312), the Court heard argument on BMW NA's Motion for Summary Judgement (Dkt. No. 232), Plaintiffs' Motion for Summary Judgment on BMW NA's Counterclaim (Dkt. No. 235), and BMW AG's Motion to Dismiss.  (Dkt. No. 275).

## ARGUMENT

**A.     The Summary Judgment Record Is Complete And Braman Agreed No Further Evidence Is Required For The Court To Decide The Motion.**

This case was filed in September 2017.  (Dkt. No. 1).  In the four years since, the complaint has been amended four times and, among other discovery, the parties have exchanged hundreds of thousands of pages of documents, taken eighteen fact depositions, and employed six expert witnesses.  This is a well-developed record, and Braman did not file an affidavit pursuant to Rule 56(d) advising the Court that "for specified reasons, it cannot present facts essential to justify its opposition" and asking the court to defer consideration of BMW NA's Motion for Summary Judgement.  During the September 27, 2021 summary judgment argument, Braman's counsel confirmed at least twice—at the beginning and the end of the hearing—that Braman did

not require any additional evidence before the Court decided the pending dispositive motions and that the motions could be decided on the record before the Court.

### B.    Plaintiffs' Proposed Supplemental Evidence Is Inadmissible Hearsay.

Under Federal Rule of Civil Procedure 56, once a party moving for summary judgment presents "affirmative evidence showing the absence of a genuine issue of material fact . . . the burden shifts to the non-moving party to produce 'significant, probative *evidence* demonstrating the existence of a triable issue of fact.'" *Parrot v. PNC Bank*, 986 F. Supp. 2d 1263, 1267 (N.D. Ala. 2013) (emphasis in original) (quoting *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993)). Braman's "supplemental evidence" fails to meet this burden because it is not supported by affidavit or otherwise, and Braman's explanations as to the relevance of this material—offered via argument and not sworn statements—is inadmissible hearsay. *See* Fed. R. Civ. P. 56(c)(2). Inadmissible hearsay can only be admitted where "it could be reduced to an admissible form at trial." *See Parrot*, 986 F. Supp. 2d at 1269 (analyzing declarations authenticating offered evidence). "[T]he burden is on the proponent to show that the material is admissible *as presented* or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56 advisory committee notes (further noting that there is no need to make a separate motion to strike) (emphasis added). Braman made no effort to meet that burden here.

Braman's attached exhibits are unaccompanied by any sworn statement authenticating the documents and Plaintiffs' reasoning with respect to its internal projections of theoretical future harm lack any foundation and explanation. This is "not competent summary judgment evidence." *Parrot*, 986 F. Supp. 2d at 1271; *see Gen. Longshore Workers v. Pate Stevedore Co.*, 1993 WL 603297, *8 (N.D. Fla. 1993) (a party's belief does not satisfy the personal knowledge requirement because "[b]elief, no matter how sincere, is not equivalent to knowledge"). This alone is sufficient reason for the Court to deny Braman's motion.

**C.   There Are No Claims Regarding Service Effectiveness Under The 2022 Version Of The AVP And The Evidence Does Not Establish Past Harm Or Imminent Future Harm.**

Braman's motion also should be denied because there are no claims in this case concerning the 2022 version of the AVP.  *See* Fourth Am. Compl., ¶¶ 107-108 (Dkt. No. 222). Braman frames its request to supplement the summary judgment record as offering evidence in support of its argument that Braman "may" be adversely or pecuniarily affected by the 2022 version of the AVP, but at its core, this is an improper attempt by Braman to amend its complaint yet again.[1]  This attempt at this late stage of the case should be rejected.  *See, e.g., Shanahan v. City of Chicago,* 82 F.3d 776, 781 (7th Cir. 1996) (plaintiff may not amend complaint through arguments in opposition to motion for summary judgment).

In exercising their broad discretion to manage their dockets, courts consider factors such as whether the material is relevant and does not "unduly delay the resolution of a case" when considering a motion for leave to supplement the record.  *Nassar v. Nassar*, 2017 WL 26859, at *12 (M.D. Fla. Jan. 3, 2017) (denying supplementation of an amended complaint where case had been pending for nearly two years and supplementation would unduly delay the proceedings and prejudice the opposing party) (quoting *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015)).  In addition to these factors, courts also look to "futility, prejudice, unreasonable delay, and efficiency associated with the requested supplement," and while none of these factors are dispositive, a court should "weigh the totality of the circumstances" when deciding whether

---

[1]  Plaintiffs cite *Metro Motors, LLC v. Nissan Motor Corp.* to illustrate the supposed "sword of Damocles" under which Braman Motors, Inc. may operate.  (Mot. at 4 (citing 170 F. Supp. 2d 888 (D. Minn. 2001)).  The circumstances there—the possible termination of plaintiff's dealership—are entirely different than those here.  And, as Plaintiffs admit, neither have lost any monies under the AVP.  (*See* Declaration of Alison K. Eggers (Dkt. 233-2), Ex. A, Int. No. 8; Ex. B, Int. No. 8 (Plaintiffs' Responses to BMW NA's First Set of Interrogatories)).  The losses Plaintiffs try to claim in their Motion to Supplement are not actual losses; rather, they are at this point no more than Plaintiffs' guess regarding Service Effectiveness performance in a calendar year that has barely begun.  The guess is, at this point, speculative at best.

to allow the supplementation.  *Gadbois*, 809 F.3d at 7-8.  A motion to supplement may also be denied "where the facts giving rise to the new allegations are 'very recent' and 'still evolving.'" *Williams v. Perry*, 2020 WL 4925696, at *3 (S.D. Ga. Aug. 21, 2020) (quoting *Brennan v. Thomas*, 780 F. App'x 813, 819 (11th Cir. 2019)).  Ultimately, the court is left to determine "whether the proposed supplementation would promote the efficient administration of justice." *Nassar*, 2017 WL 26859, at *12 (internal citations omitted).

Here, the offered material is not relevant to the issues before the Court and would expand the summary judgment record to include program years that are not the subject of allegations in the operative complaint and have not been the subject of any discovery in the case.  The 2022 version of the AVP is not before the Court (*see, e.g.*, Fourth Am. Compl., ¶¶ 107-108) and, considering the 2022 version of the AVP has only just gone into effect, actual facts concerning Braman's ability to meet modest increases to their Service Effectiveness targets are very certainly "still evolving."  *Brennan*, 780 F. App'x at 819.  The offered materials are irrelevant to the resolution of Plaintiffs' Service Effectiveness claims because, as BMW NA has demonstrated in its Motion for Summary Judgment, and as Plaintiffs have admitted in their responses to interrogatories, Plaintiffs have suffered no harm in connection with any version of the AVP.  The additional documents offered by Plaintiffs now do not show any threat of irreparable, imminent harm, or establish any damage having been sustained in the past.  Quite the opposite, they confirm that as of November 2021 reporting Braman Motors, Inc. received the maximum incentive available to it under the 2021 version of the AVP: $7,802,202.00.  (*See* ECF No. 330-4).  These documents are irrelevant to BMW NA's Motion for Summary Judgment and Plaintiffs' factually unsubstantiated argument does not change that.

Braman argues these documents demonstrate that it "may" be harmed and that "[i]mproper programs by manufacturers that violate state dealer acts should be enjoined regardless of damage."  Mot. at 4.  But neither of the cases Braman cites in support of this argument involve injunctions actually issued by courts under the "may" language.  In *Coady Corp. v. Toyota Motor Distributors*, 361 F.3d 50, 62 (1st Cir. 2004), the First Circuit affirmed the district court's judgment in favor of the defendant manufacturer, which had offered the dealer a two-year dealership renewal conditioned on the dealer's willingness to maintain merely the average level of sales performance as other Toyota dealers in the region.  There was no challenge on appeal of the metric itself and, contrary to what Plaintiffs imply, no injunction was entered. *Compare* Mot. at 4 *with Coady Corp.*, 361 F.3d at 61 n.8 (stating, with respect to the Massachusetts dealer statute, that the court "read[s] the first 'may' as licen[s]ing an injunction, perhaps even encouraging it, but not as compelling it regardless of circumstances" and that, in any event, the dealer had not relied on the provision).  Similarly, no injunction was entered in *Cadillac/Oldsmobile/Nissan Center, Inc., v. General Motors Corp.*, 391 F.3d 304, 312 (1st Cir. 2004) (affirming summary judgment granted to defendant manufacturer in a case alleging unfair competition due to the manufacturer's ownership of a dealership).

Braman has been unable to show any injury throughout this case and neither the documents attached to their Motion nor the argument they offer in the Motion establish injury or lay an appropriate foundation at this point for their argument that they may be harmed in the future.  Their attempt to do so now should be denied.

## **CONCLUSION**

Despite Braman's repeated confirmation to the Court that BMW NA's Motion for Summary Judgement should be decided on the record before the Court at the time of argument, Plaintiffs now ask the Court to attempt to establish the potential of possible future harm on the

basis of four documents attached directly to their motion, unsupported estimates of conjectured possible future damages, and little to no explanation as to how these documents establish the harm Plaintiffs have consistently failed to show throughout this case.  The "evidence" lacks authentication, foundation, and is irrelevant to BMW NA's Motion for Summary Judgement. BMW NA respectfully asks the Court to deny Plaintiffs' motion.


DATED:  January 3, 2022                    Respectfully submitted,

                                           BMW OF NORTH AMERICA, LLC


                                           */s/ Michael F. Suarez*
                                           Peter S. Baumberger
                                           Michael F. Suarez
                                           **KUBICKI DRAPER, P.A.**
                                           25 West Flagler Street, Penthouse
                                           Miami, Florida 33130
                                           (305) 982-6774
                                           psb@kubickidraper.com
                                           mfs@kubickidraper.com

                                           William N. Berkowitz*
                                           John R. Skelton*
                                           James C. McGrath*
                                           Brandon L. Bigelow*
                                           Alison K. Eggers*
                                           **SEYFARTH SHAW LLP**
                                           Two Seaport Lane, Suite 300
                                           Boston, Massachusetts 02210
                                           (617) 946-4800
                                           wberkowitz@seyfarth.com
                                           jskelton@seyfarth.com
                                           jcmcgrath@seyfarth.com
                                           bbigelow@seyfarth.com
                                           aeggers@seyfarth.com
                                           * *admitted pro hac vice*

                                           *Counsel for BMW of North America, LLC*

## <u>CERTIFICATE OF SERVICE</u>

   I certify that on January 3, 2022, I filed the foregoing document through CM/ECF with the United States District Court for the Southern District of Florida and that notice will be provided to parties of record and the Court through CM/ECF.


           */s/ Michael F. Suarez*
           Michael F. Suarez
           *Counsel for BMW of North America, LLC*

Dated: January 3, 2022