UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-cv-23360-GAYLES/OTAZO-REYES

BRAMAN MOTORS, INC.,
for itself and in the name of the
Department of Highway Safety and
Motor Vehicles of the State of Florida,
for its use and benefit, and doing business
as Braman BMW,
PALM BEACH IMPORTS, INC.,
for itself and in the name of the
Department of Highway Safety and
Motor Vehicles of the State of Florida,
for its use and benefit, and doing business
as Braman Motorcars,
THE DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES
of the State of Florida, for the use and
benefit of Braman Motors, Inc. and
Palm Beach Imports, Inc.,

      Plaintiffs,

v.

BMW OF NORTH AMERICA, LLC,
and BAYERISCHE MOTOREN WERKE
AKTIENGESELLSCHAFT,

      Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Magistrate Judge Alicia M. Otazo-Reyes's Report and Recommendation (the "Report") [ECF No. 343] regarding Defendant BMW of North America, LLC's Motion for Summary Judgment [ECF No. 232] and Plaintiff Braman Motors, Inc.'s Motion for Summary Judgment Against Defendant BMW of North America, LLC's

Counterclaim [ECF No. 235]. On September 6, 2017, Plaintiffs, Braman Motors, Inc. ("Braman") and Palm Beach Imports, Inc., separately and together for themselves, and in the name of the Department of Highway Safety and Motor Vehicles for the State of Florida (collectively, "Plaintiffs"), filed this action against BMW of North America, LLC ("BMW NA"). [ECF No. 1]. On February 17, 2021, Plaintiffs filed their Fourth Amended Complaint against BMW NA and Defendant Bayerische Motoren Werke Aktiengesellschaft. [ECF No. 222]. On February 24, 2021, BMW NA filed its Counterclaim against Braman. [ECF No. 229 at 25–26]. On March 10, 2021, BMW NA filed its Motion for Summary Judgment, [ECF No. 232], and Braman filed its Motion for Summary Judgment Against Defendant BMW of North America, LLC's Counterclaim, [ECF No. 235].

On August 5, 2021, the Court referred this matter to Judge Otazo-Reyes, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pre-trial, non-dispositive matters and a report and recommendation on all dispositive matters. [ECF No. 289]. On February 11, 2022, Judge Otazo-Reyes issued her Report recommending that: (1) BMW NA's Motion for Summary Judgment should be granted as to Counts I, II, V, VI, VII, VIII, IX, and XI of the Fourth Amended Complaint and be denied as to Counts III, IV, and X; and (2) Braman's Motion for Summary Judgment should be granted as to BMW NA's Counterclaim. On February 25, 2022, BMW NA filed its Objections to the Report, [ECF No. 347], to which Braman responded on March 11, 2022, [ECF No. 350 & 352].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objections are made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see*

*also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objections are made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Having conducted a *de novo* review of BMW NA's Motion for Summary Judgment, Braman's Motion for Summary Judgment, the Objections, and the record, the Court agrees with Judge Otazo-Reyes's well-reasoned analysis and conclusions that: (1) BMW NA's Motion for Summary Judgment should be granted as to Counts I, II, V, VI, VII, VIII, IX, and XI of the Fourth Amended Complaint and be denied as to Counts III, IV, and X; and (2) Braman's Motion for Summary Judgment should be granted as to BMW NA's Counterclaim.

The Court briefly addresses BMW NA's Objections, the crux of which is that Judge Otazo-Reyes failed to address its arguments that Braman did not suffer a material or adverse effect from the sales metrics at issue in Counts III, IV, and X or irreparable harm. BMW NA also argues that Braman cannot prevail on its claims because (1) BMW NA did not enforce the metrics at issue and (2) Braman did not suffer actual harm, but instead profited substantially.

Contrary to Defendant's assertion, Judge Otazo-Reyes specifically addressed those issues in her Report, finding that Braman's loss of control over its day-to-day operations supported its claim for irreparable injury and its demand for injunctive relief. *See* [ECF No. 343 at 12–13]. While BMW NA argues that the metrics were voluntary and not enforced, § 42(a) of the Florida Motor Vehicle Dealer Act refers to "established, implemented, *or* enforced" criteria. Fla. Sta. § 320.64(42)(a) (emphasis added). Therefore, one may violate the statute by merely establishing or implementing criteria for measuring sales or service performance that otherwise violates the statute. Even so, the Court finds that genuine issues of material fact remain as to whether the

metrics at issue here: (1) are established, implemented, or enforced by BMW NA; (2) are unfair, unreasonable, arbitrary, or inequitable; and (3) had a material or adverse effect on Braman.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Alicia M. Otazo-Reyes's Report and Recommendation, [ECF No. 343], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference.

2. Defendant BMW of North America, LLC's Motion for Summary Judgment, [ECF No. 232], is **GRANTED** as to Counts I, II, V, VI, VII, VIII, IX, and XI of the Fourth Amended Complaint and is **DENIED** as to Counts III, IV, and X of the Fourth Amended Complaint

3. Plaintiff Braman Motors, Inc.'s Motion for Summary Judgment Against Defendant BMW Of North America, LLC's Counterclaim, [ECF No. 235], is **GRANTED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 28th day of March, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE