**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-23360-CIV-GAYLES/OTAZO-REYES**

BRAMAN MOTORS, INC., d/b/a
BRAMAN BMW, for itself and in the name
of the Department of Highway Safety and
Motor Vehicles of the State of Florida, for its
use and benefit,

PALM BEACH IMPORTS, INC., d/b/a
BRAMAN MOTORCARS, for itself and in
the name of the Department of Highway Safety
and Motor Vehicles of the State of Florida, for
its use and benefit, and

THE DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES of the
State of Florida, for the use and benefit of
Braman Motors, Inc. and Palm Beach Imports,
Inc.,

       Plaintiffs,

v.

BMW OF NORTH AMERICA, LLC
and BAYERISCHE MOTOREN WERKE
AKTIENGESELLSCHAFT,

       Defendants.

_____/

**REPORT AND RECOMMENDATION RE:**
**MOTION IN LIMINE**

       THIS CAUSE came before the Court upon Defendant BMW of North America, LLC's

("BMW NA" or "Defendant") Motion in Limine [D.E. 366]. This matter was referred to the

undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District

Judge [D.E. 289]. The undersigned held a hearing on this matter on November 1, 2022 (hereafter,

"Hearing") [D.E. 377]. For the reasons set forth below, the undersigned respectfully recommends

that BMW NA's Motion in Limine be DENIED IN PART and GRANTED IN PART.

## PLAINTIFFS' SURVIVING CLAIMS

In their operative pleading, Braman Motors, Inc. d/b/a Braman BMW ("Braman Miami") and co-Plaintiff Palm Beach Imports, Inc., d/b/a Braman Motorcars ("Braman Palm Beach") (together, "Plaintiffs" or "Braman") allege that they are franchised BMW NA dealers in Florida under the Florida Motor Vehicle Dealer Act (also referred to as "the Florida Dealer Act"). See Fourth Am. Compl. [D.E. 222 ¶ 11]. Plaintiffs further allege that each of them is a party with BMW NA to a Dealer Agreement, whose terms also bind their respective relationships. Id. ¶¶ 19-23.

After a ruling on the parties' Cross-Motions for Summary Judgment, only the following claims in the Fourth Amended Complaint remain for trial:

> Count III: Violation of the Florida Dealer Act, Fla. Stat. § 320.64(42)(a)
> Sales Loyalty Component – 1.75% MSRP
> (Against all Defendants)
>
> Count IV: Violation of the Florida Dealer Act, Fla. Stat. § 320.64(42)(a)
> Service Effectiveness Component – 1.75% MSRP
> (Against all Defendants)
>
> Count X: Violation of the Florida Dealer Act, Fla. Stat. §§ 320.64(42)(a)
> (Against all Defendants)

See generally Fourth Am. Compl. [D.E. 222]; Order [D.E. 356].

Plaintiffs have designated these claims as the performance metrics claims. See Summary Judgment Hearing Transcript [D.E. 333 at 31]. Plaintiffs argue that these challenged metrics are unlawful under the Florida Dealer Act, Fla. Stat. §§ 320.60-320.70, and that they are "teed up for injunctive relief". Id. at 54.[1]

Specifically, as to these Counts, Plaintiffs seek

---

[1] Plaintiffs sought injunctive relief in Count X and injunctive relief and damages in Counts III and IV. See Fourth Am. Compl. [D.E. 222 at 26-28, 37].

injunctive relief. We don't have to show an actual monetary loss. What we want is a permanent injunction that these three metrics; dealer sales loyalty, service effectiveness and dealer effectiveness are unlawful.

See Summary Judgment Hearing Transcript [D.E. 333 at 54].

## APPLICABLE FLORIDA DEALER ACT PROVISIONS

The Florida Dealer Act, Fla. Stat. §§ 320.60-320.70, provides relief to a dealer, where:

> (42)(a) The applicant or licensee has established, implemented, or enforced criteria for measuring the sales or service performance of any of its franchised motor vehicle dealers in this state which have a material or adverse effect on any motor vehicle dealer and which:
>
> 1.  Are unfair, unreasonable, arbitrary, or inequitable; or
>
> 2. Do not include all relevant and material local and regional criteria, data, and facts. Relevant and material criteria, data, or facts include, but are not limited to, those of motor vehicle dealerships of comparable size in comparable markets. If such performance measurement criteria are based, in whole or in part, on a survey, such survey must be based on a statistically significant and valid random sample.

Florida Dealer Act § 320.64(42)(a).

Sections 320.695 and 320.697 of the Florida Dealer Act provide remedies for such violations in the form of injunctive relief and treble damages as follows:

> In addition to the remedies provided in this chapter, and notwithstanding the existence of any adequate remedy at law . . . any motor vehicle dealer in the name of the department and state and for the use and benefit of the motor vehicle dealer, is authorized to make application to any circuit court of the state for the grant, upon a hearing and for cause shown, of a temporary or permanent injunction, or both, restraining any person from . . . violating or continuing to violate any of the provisions of ss. 320.60-320.70, or from failing or refusing to comply with the requirements of this law or any rule or regulation adopted hereunder. Such injunction shall be issued without bond. A single act in violation of the provisions of ss. 320.60-320.70 shall be sufficient to authorize the issuance of an injunction. . . .

Id. § 320.695.

> Any person who has suffered pecuniary loss or who has been otherwise adversely affected because of a violation by a licensee of ss. 320.60-320.70, notwithstanding the existence of any other remedies under ss. 320.60-320.70, has a cause of action

against the licensee for damages and may recover damages therefor in any court of competent jurisdiction in an amount equal to 3 times the pecuniary loss, together with costs and a reasonable attorney's fee to be assessed by the court. Upon a prima facie showing by the person bringing the action that such a violation by the licensee has occurred, the burden of proof shall then be upon the licensee to prove that such violation or unfair practice did not occur.

Id. § 320.697.

## BMW NA'S MOTION IN LIMINE

BMW NA seeks "an order precluding Braman from: (1) offering evidence of nominal damages in support of Counts III and IV of Braman's Fourth Amended Complaint; and (2) because damages are no longer an issue in the case, offering the testimony of its damages' expert Edward Stockton ['Mr. Stockton']." See Motion in Limine [D.E. 366 at 2]. At the Hearing, however, the parties agreed that Braman may present evidence of harm in support of their claim for injunctive relief in Counts III, IV and X, pursuant to Florida Dealer Act § 320.695. Therefore, the only issue left to resolve is whether Braman may present evidence of nominal damages through Mr. Stockton.

BMW NA first cites the parties' joint stipulation dated April 22, 2022, which states as follows: "The Parties Agree that in this matter, a jury trial is not warranted and the case should proceed with a non-jury trial. This is in light of the nature of the relief sought pursuant to Braman's statutory claims, which are exclusively injunctive." See Joint Motion for Withdrawal of Jury Demand and for Entry of Stipulated Order for Non-Jury Trial and Modifying Scheduling Order (hereafter, "Joint Motion") [D.E. 361 at 1]. This statement comports with Braman's posture at the Summary Judgment Hearing that, as to Counts III, IV and X, Braman is seeking

injunctive relief. We don't have to show an actual monetary loss. What we want is a permanent injunction that these three metrics; dealer sales loyalty, service effectiveness and dealer effectiveness are unlawful.

See Summary Judgment Hearing Transcript [D.E. 333 at 54].

Moreover, in recommending denial of summary judgment as to these claims, the

undersigned addressed the nature of the claims in Counts III, IV and X as follows:

> BMW NA argues that, to obtain injunctive relief as a remedy for their performance metrics claims, which are predicated on state law, Plaintiffs must still comply with the federal requirement that they make a showing of irreparable injury.  See [Summary Judgment] Hearing Transcript [D.E. 333 at 28-29]; Barrett v. Walker Cty. Sch. Dist., 872 F.3d 1209, 1229 (11th Cir. 2017) ("To obtain a permanent injunction, a plaintiff must show (1) that he has suffered an irreparable injury . . . ."); Guaranty Tr. of N.Y. v. York, 326 U.S. 99, 106 (1945) ("State law cannot define the [equitable] remedies which a federal court must give . . . .").  Plaintiffs argue that this irreparable injury element is met by their "having to operate under a regime of illegal performance standards", which impose "business operations and business requirements that the state legislature in Florida has determined are unlawful", relying on Danvers Motor Co., Inc. v. Ford Motor Co., 432 F.3d 286 (3d Cir. 2005).  See [Summary Judgment] Hearing Transcript [D.E. 333 at 58, 60].  In Danvers, the Third Circuit found that "loss of control over day-to-day dealership activities" resulting from a "program designed [by Ford] to improve dealer performance" qualified as an injury.  Id. at 288, 293.  Given Plaintiffs' argument that the intrinsic nature of the performance metrics supports their claim of irreparable injury and their demand for injunctive relief, the undersigned concludes that summary judgment in favor of BMW NA is not appropriate as to Counts III, IV and X.

See Report and Recommendations [D.E. 343 at 13].

In opposition to BMW NA's Motion in Limine, Braman contends: that it is nevertheless entitled to seek at trial nominal damages as to Counts III and IV because they were pled in the Fourth Amended Complaint; that Mr. Stockton's permitted testimony would be relevant to those claims as well as to the issue of harm in connection with the injunctive relief remedy; and that BMW NA's Motion in Limine is not a proper vehicle to decide Braman's entitlement to nominal damages.  In essence, Braman is attempting to undo its previously presented unambiguous posture that it is only seeking injunctive relief as to Counts III and IV.

Moreover, the undersigned finds instructive the decision in W. Palm Beach Acquisitions, Inc. v. Kia Motors Am., Inc., Case No. 20-cv-80780, 2022 WL 1211404 (S.D. Fla. Apr. 25, 2022) that nominal damages are not recoverable under Section 320.697 of the Florida Dealer Act:  In reaching this decision, the Kia court engaged in the following analysis:

The Court notes that Plaintiff's counsel conceded at the April 18, 2022 hearing that it must be able to establish some sort of damages to proceed on Count IV and reaffirmed that it is not seeking actual damages. Plaintiff's counsel's argument at the hearing was instead that the "otherwise adversely affected because of a violation by a licensee" language in section 320.697 implies that nominal damages are permissible because otherwise the language would be meaningless.

The Court cannot infer nominal damages into a statutory cause of action. See Alphamed Pharms. Corp. v. Arriva Pharms., Inc., 432 F. Supp. 2d 1319, 1336 (S.D. Fla. 2006), aff'd 294 F. App'x 501 (11th Cir. 2008); see also Beverly Health & Rehab. Servs., Inc. v. Freeman, 709 So. 2d 549, 552 (Fla. 2d DCA 1998) (explaining that, when a statute allows for "actual" damages, such language suggests that such damage must be more than technical or nominal and also noting that the legislature has specifically provided for nominal damages awards in certain statutory causes of actions). There is no mention of nominal damages in section 320.697, nor has Plaintiff cited any authority which supports its position that this specific statute allows for nominal damages.

Id. at *8. The undersigned finds this analysis persuasive and applicable here, particularly given Braman's prior concession that "the nature of the relief sought pursuant to Braman's statutory claims [is] exclusively injunctive." See Joint Motion [D.E. 361 at 1].

## **RECOMMENDATION**

Based on the foregoing considerations, it is

RESPECTFULLY RECOMMENDED that, based on the parties' stipulation at the Hearing, BMW NA's Motion in Limine be DENIED as to BMW NA's request that Braman be precluded from offering the testimony of Mr. Stockton at trial; Mr. Stockton may testify on the issue of harm in support of Braman's claim for injunctive relief in Counts III, IV and X, pursuant to Section 320.695 of the Florida Dealer Act. The undersigned further RECOMMENDS that BMW NA's Motion in Limine be GRANTED as to BMW NA's request that Braman be precluded from offering evidence of nominal damages in support of Counts III and IV of Braman's Fourth Amended Complaint.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin

P. Gayles, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 18th day of November, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:  United States District Judge Darrin P. Gayles
     Counsel of Record

7