# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| BRAMAN MOTORS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC, <br><br> Defendant. | Civil Action No. 17-cv-23360-DPG |

## DEFENDANT'S MOTION TO DISMISS THE REMAINING CLAIMS OF THE FOURTH AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND INCORPORATED MEMORANDUM OF LAW

Peter S. Baumberger
Michael F. Suarez
**KUBICKI DRAPER, P.A.**
9100 S. Dadeland Blvd., Suite 1800
Miami, Florida 33156
(305) 374-1212
psb@kubickidraper.com
mfs@kubickidraper.com

John R. Skelton*
Brandon L. Bigelow*
Alison K. Eggers*
**SEYFARTH SHAW LLP**
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
(617) 946-4800
jskelton@seyfarth.com
bbigelow@seyfarth.com
aeggers@seyfarth.com
* *admitted pro hac vice*

Date: February 21, 2021

*Counsel for BMW of North America, LLC*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 2

    A. Subject Matter Jurisdiction Can Be Raised At Any Time ...................................... 2

    B. Because Plaintiffs' Sole Remaining Claims On Behalf Of The Department Seek To Impose Criminal Liability This Is No Longer A Civil Case And There Is No Jurisdiction Under 28 U.S.C. § 1332. ................................................. 3

    C. The Court Must Give Meaning To The Florida Legislature's Clear And Unambiguous Language That An Application For Injunctive Relief Under Section 320.695 On Behalf Of The Department Be Made In A Circuit Court Of The State. ................................................................................................ 3

    D. That A Section 320.695 Injunction Is A Regulatory Enforcement Action Brought On Behalf Of The Department Confirms The Legislative Intent That Such Applications Be Decided By A Florida State Court. ............................. 6

III. CONCLUSION .................................................................................................................... 7

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Am. Fam. Mut. Ins. Co. v. Schulz*,
 2014 WL 5333499 (N.D. Ill. Oct. 20, 2014) ............................................................................ 5, 6

*City of Pembroke Pines, Fla. v. Fed. Emergency Mgmt. Agency*,
 494 F. Supp. 3d 1272 (S.D. Fla. 2020) ........................................................................................ 2

*Edwards v. Thomas*,
 229 So.3d 277 (Fla. 2017) ........................................................................................................... 4

*Florida v. Morales*,
 2018 WL 6919513 (M.D. Fla. Dec. 4, 2018) ............................................................................... 3

*Kontrick v. Ryan*,
 540 U.S. 443 (2004) .................................................................................................................... 2

*Louis-Charles v. Sun-Sentinel Co.*,
 595 F. Supp. 2d 1304 (S.D. Fla. 2008) ........................................................................................ 4

*Menchise v. Akerman Senterfitt*,
 532 F.3d 1146 (11th Cir. 2008) ................................................................................................... 6

*OSI, Inc. v. United States*,
 285 F.3d 947 (11th Cir. 2002) ..................................................................................................... 2

*United States v. Silva*,
 443 F.3d 795 (11th Cir. 2006) ..................................................................................................... 4

*Winter Park Imports, Inc. v. JM Auto II, Inc.*,
 2008 WL 8854630 (Fla. Cir. Ct. Apr. 16, 2008) .......................................................................... 4

**Statutes**

28 U.S.C. § 1332 ............................................................................................................... 1, 2, 3

Fla. Stat. § 320.011 ................................................................................................................... 6

Fla. Stat. §§ 320.60-320.70 ........................................................................................... 1, 3, 5, 6

Fla. Stat. § 320.64(42)(a) .......................................................................................................... 1

Fla. Stat. § 320.695 ........................................................................................................ *passim*

Fla. Stat. § 320.697 ........................................................................................................... 1, 3, 4

Table of Contents (continued)

Page

Fla. Stat. § 775.082 ................................................................................................................. 1, 3

Fla. Stat. § 320.70 ................................................................................................................... 1, 3

Fla. Stat. § 775.083 ................................................................................................................. 1, 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ....................................................................................................... 1, 2, 7

Fed. R. Civ. P. 12(h)(3) ................................................................................................................ 2

Fla. CS HB 637, § 5 (2023) .......................................................................................................... 4

Fla. CS SB 712, § 4 (2023) .......................................................................................................... 4

Defendant BMW of North America, LLC ("BMW") moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss (without prejudice) the sole remaining claims of Plaintiffs' Fourth Amended Complaint ("FAC") (ECF 222), which seek injunctive relief under Fla. Stat. § 320.695 on behalf of the Florida Department of Highway Safety and Motor Vehicles (the "Department"), because the Court does not have subject matter jurisdiction to adjudicate such claims.

## I.     INTRODUCTION

After the Final Order on the parties' cross-motions for summary judgment (ECF 356) and the Court's order on Defendant's Motion in Limine (ECF 381), this case is now solely a criminal enforcement action on behalf of the Department. Acting in the name of and on behalf of the Department under Fla. Stat. § 320.695, Plaintiffs seek an order that BMW's Dealer Sales Loyalty, Service Effectiveness, and Dealer Effectiveness metrics violate Fla. Stat. § 320.64(42)(a) and thus are "illegal." Plaintiffs request that BMW be permanently enjoined from using those metrics. *See* FAC, ¶¶ 128-136 (Count III); ¶¶ 137-146 (Count IV); ¶¶ 188-199 (Count X).

In § 320.695, the Florida legislature created a specific state statutory right pursuant to which the Department on its own, or a dealer acting in the name of and on behalf of the Department, may bring an application for a temporary or permanent injunction prohibiting a licensee (here BMW) from violating or continuing to violate any provision of Fla. Stat. §§ 320.60-320.70 (the "Florida Dealer Act"). Under § 320.70, an auto manufacturer found to have violated § 320.64 "shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083." Because all that remains are claims on behalf of the state for criminal penalties, this is no longer a "civil" action and as such there is no diversity jurisdiction under 28 U.S.C. § 1332.

The plain and unambiguous language in § 320.695 also confirms that the Court no longer has subject matter jurisdiction over the dispute. Unlike Plaintiffs' now-dismissed damages claims under Fla. Stat. § 320.697, which could be asserted "in any court of competent jurisdiction,"

§ 320.695 expressly provides that an application for an injunction by or on behalf of the Department is to be made in "*any circuit court of the state*" (emphasis added). That distinction is significant and cannot be ignored. Because there are no longer any other claims pending in this case and the Florida legislature directed that an application for injunctive relief under § 320.695 brought on behalf of the Department is to be made to a state circuit court, the Court does not have subject matter jurisdiction and the remaining claims should be dismissed (without prejudice).

## II.     ARGUMENT

**A.     Subject Matter Jurisdiction Can Be Raised At Any Time.**

Plaintiffs' sole alleged ground for subject matter jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332(a)(1). FAC, ¶ 13. Whether there is subject-matter jurisdiction may be raised by the Court or a party at any time. Fed. R. Civ. P. 12(b)(1); *City of Pembroke Pines, Fla. v. Fed. Emergency Mgmt. Agency*, 494 F. Supp. 3d 1272, 1281 (S.D. Fla. 2020) (granting motion to dismiss for lack of subject matter jurisdiction over claims). Pursuant to Federal Rule of Civil Procedure 12(h)(3), if a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.[1] *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). When subject matter jurisdiction is challenged under Rule 12(b)(1), plaintiff bears the burden of proving jurisdiction exists. *See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

---

[1] Because this case was brought and litigated as a case for damages and attorneys' fees, Plaintiffs' Fourth Amended Complaint appropriately asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Given that the only claims remaining seek an injunction on behalf of the Department pursuant to Fla. Stat. § 320.695, there is no need for the Court to consider or address issues related to pendent or supplemental jurisdiction.

2

**B.     Because Plaintiffs' Sole Remaining Claims On Behalf of the Department Seek to Impose Criminal Liability This is No Longer a Civil Case and There is No Jurisdiction Under 28 U.S.C. § 1332.**

As explained in BMW's Pre-trial Memorandum of Law, this is no longer a civil case by an aggrieved dealer seeking damages. (ECF 386 at 6). Rather, it is now solely a criminal enforcement action where Plaintiffs have assumed the role of government regulator and seek an order that BMW's Dealer Sales Loyalty, Service Effectiveness, and Dealer Effectiveness metrics are "illegal." Because the sole asserted basis for the Court's jurisdiction is 28 U.S.C § 1332 diversity, and this is now a criminal enforcement action on behalf of the Department,[2] there is no 28 U.S.C § 1332 diversity jurisdiction. *See Florida v. Morales*, 2018 WL 6919513, at *1 (M.D. Fla. Dec. 4, 2018), *report and recommendation adopted*, 2019 WL 77419 (M.D. Fla. Jan. 2, 2019) (finding criminal case was not removable to federal court for diversity jurisdiction because 28 U.S.C § 1332 "speaks solely to *civil* actions"). On this basis alone the remaining claims should be dismissed.

**C.     The Court Must Give Meaning to the Florida Legislature's Clear and Unambiguous Language That An Application For Injunctive Relief Under Section 320.695 on Behalf of the Department Be Made in a Circuit Court of the State.**

Prior to the court's February 2, 2023 Order dismissing Plaintiffs' § 320.697 claims for damages and attorneys' fees (*see* ECF 381), Counts III and IV sought both damages under § 320.697 and injunctive relief on behalf of the Department under § 320.695. Claims under §§ 320.697 and 320.695 are fundamentally different.[3] Relevant to the issue of the Court's jurisdiction, the Florida legislature differentiated between a damages claim under § 320.697, which can be brought in "any

---

[2] Fla. Stat. § 320.70 states that a violation of the Florida Dealer Act is "a misdemeanor of the first degree" punishable by up to one year of imprisonment and possibly an additional fine not exceeding $1,000. Fla. Stat. § 775.082; Fla. Stat. § 775.083.

[3] For example, Fla. Stat. § 320.697 requires proof of actual damages, allows for the recovery of treble damages and attorneys' fees, and upon a prima facie showing shifts the burden of proof to the licensee (here BMW) to prove that a violation did not occur. *See* Fla. Stat. § 320.697. In contrast, § 320.695 puts the burden on party seeking the injunctive relief and does not provide for recovery of attorneys' fees. *See* Fla. Stat. § 320.695.

3

court of competent jurisdiction," and an application for an injunction under § 320.695, which by its express terms must be made in "any circuit court of the state."[4] That statutory distinction is significant. Because courts are required to give meaning to every word of a statute, *see Louis-Charles v. Sun-Sentinel Co.*, 595 F. Supp. 2d 1304, 1309 (S.D. Fla. 2008) (ignoring language in a statute is contrary to "long established rules of statutory interpretation") (citation omitted), the fact that the Florida legislature specifically directed injunction applications on behalf of the Department be made to a state circuit court limits where such claims may be brought and adjudicated.

Of course, the court must determine whether the statute's language (i.e., applications are to be made in "any circuit court of the state") has a "plain and unambiguous meaning with regard to the particular dispute." *United States v. Silva*, 443 F.3d 795, 797-98 (11th Cir. 2006). Especially compared to the "any court of competent jurisdiction" language in § 320.697, it certainly does. To ignore the Florida's legislature's specific identification of the appropriate venues for damages claims and injunctive relief sought in the name of the Department would render the reference in § 320.695 to applications being made to a circuit court meaningless and superfluous. *See Edwards v. Thomas*, 229 So.3d 277, 285 (Fla. 2017) (when interpreting a statute, "[a] construction which would leave without effect any part of the language used should be rejected, if an interpretation can be found which will give it effect") (citation and quotation omitted); *see also Winter Park Imports, Inc. v. JM Auto II, Inc.*, 2008 WL 8854630 (Fla. Cir. Ct. Apr. 16, 2008) (holding plaintiff's interpretation of Florida Dealer Act provision failed as a matter of law because it would render a provision of the statute "mere surplusage" which could never be applied).

---

[4] On February 7 and 10, 2023, bills were filed in the Florida House and Senate, respectively, to amend § 320.695 by changing the directive that an application for an injunction be filed in "any circuit court of the state" to "any court of competent jurisdiction," as is currently found in § 320.697. Fla. CS SB 712, § 4 (2023) (proposed amendment to Fla. Stat. § 320.695); *see* Fla. CS HB 637, § 5 (2023) (proposed amendment to Fla. Stat. § 320.695). The fact that there is a proposal to change the language of § 320.695 reflects that an application for an injunction on behalf of the Department under current law cannot simply be brought in any court, including a federal court.

4

Because § 320.695 expressly provides that an enforcement action on behalf of the Department is to be made to a state circuit court, and these are the only claims remaining, the Court does not have subject matter jurisdiction over and cannot adjudicate the claims. In an analogous situation involving a state statutory right, the court in *American Family Mutual Insurance Company v. Schulz* dismissed the case without prejudice to be refiled in state court even though diversity jurisdiction elements were otherwise satisfied. 2014 WL 5333499, at *1-2 (N.D. Ill. Oct. 20, 2014). Because the relevant statute there (the Illinois Uniform Arbitration Act) expressly directed that a trial *de novo* following a rejected arbitration award was to be made in "any circuit court of this state," the court held it did not have subject matter jurisdiction and that such claims should be brought and adjudicated in an Illinois circuit court. *Id.* Similarly, in *Gentry v. Kirkman*, the court dismissed an action to compel a judicial sale of property pursuant to a state statute which provided a party "may bring" such action "in the Circuit Court of the county in which the land, or the greater part thereof, lies." 2006 WL 2078422, at *2 (W.D. Ky. July 20, 2006) (quoting KRS 389A.030). The court explained: "[t]here could be no greater signal from the Kentucky legislature that it desired for property disputes to be decided on a local basis, following procedures prescribed in the statute. If the Court were to hear the case, it would be undermining the legislature's intent in adopting KRS 389A.030." *Id.* Moreover, in the context of a motion to remand, the court in *Missouri ex rel. Carnahan v. Stifel, Nicolaus & Co.* held that because "Missouri statutory law provides for civil enforcement actions to be maintained by the commissioner of securities in the '*circuit court of any county of the state*,'" it did not have subject matter jurisdiction over the action. 648 F. Supp. 2d 1095, 1099 (E.D. Mo. 2009), *order clarified* (Aug. 7, 2009) (emphasis added). The remaining claims in this case should be dismissed without prejudice.

5

**D.     That a Section 320.695 Injunction Is A Regulatory Enforcement Action Brought On Behalf of the Department Confirms The Legislative Intent That Such Applications Be Decided By a Florida State Court.**

This is no longer a case for damages brought by an aggrieved dealer, but rather a regulatory enforcement action by the Department. Plaintiffs' application for injunctive relief under § 320.695 is brought "*in the name of the department and state* for the use and benefit of the motor vehicle dealer." Fla. Stat. § 320.695 (emphasis added); FAC, ¶¶ 146, 156. An order on behalf of the Department declaring BMW's metrics illegal which would affect all dealers in Florida. FAC, ¶ 156. The fact that this is now an action on behalf of the Department is significant. *See* Fla. Stat. § 320.011 ("[t]he department shall administer *and enforce* the provisions of this chapter and has authority to adopt rules pursuant to ss. 120.536(1) and 120.54 to implement them") (emphasis added).

Given the clear and unambiguous language that a § 320.695 application is to be made to a "circuit court of the state" and the underlying policy issues at play, the Florida legislature intended that the question of whether to declare a violation of the Florida Dealer Act and issue an injunction affecting all Florida dealers be made by a Florida state court.[5] *Cf. Missouri ex rel. Carnahan*, 648 F. Supp. 2d at 1098 (removal of action by state securities commissioner "denies the State of Missouri its right under the laws of the State of Missouri to bring enforcement actions in state court"); *see Am. Fam. Mut. Ins. Co.,* 2014 WL 5333499, at *3 (state created statutory right which "implicates

---

[5] Decisions like *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008) do not change the analysis or confer jurisdiction. In *Menchise*, the court held that a Florida statute limiting the application of offer of judgement law to state court cases discriminated against federal courts because some claims (there, a negligence claim) may be brought in both state and federal courts. *Id*. Here, however, § 320.695 created an independent state statutory claim for the Department. As such, it does not establish unique procedural requirements to "thwart" federal review as was the case in *Menchise*. 532 F.3d at 1151 (11th Cir. 2008) (citing *NAACP v. Ala. ex rel. Patterson*, 357 U.S. 449, 457 (1958) ("Novelty in procedural requirements [under state law] cannot be permitted to thwart review in this Court.")). Instead, § 320.695 provides that enforcement actions (which carry criminal penalties) by on behalf of the Department be brought in "circuit courts of the state." *See, e.g., Missouri ex rel.*, 648 F. Supp. 2d at 1098.

6

several public policies" was reason why such claims were to be litigated in state circuit court as provided in the statute).

### III. CONCLUSION

For the reasons stated above, the sole remaining claims in Counts III, IV, and X of the Fourth Amended Complaint should be dismissed (without prejudice) under Rule 12(b)(1) because there is no subject matter jurisdiction.

DATED: February 21, 2023

Respectfully submitted,

BMW OF NORTH AMERICA, LLC

*/s/ Michael F. Suarez*
Peter S. Baumberger
Michael F. Suarez
**KUBICKI DRAPER, P.A.**
25 West Flagler Street, Penthouse
Miami, Florida 33130
(305) 982-6774
psb@kubickidraper.com
mfs@kubickidraper.com

John R. Skelton*
Brandon L. Bigelow*
Alison K. Eggers*
**SEYFARTH SHAW LLP**
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
(617) 946-4800
jskelton@seyfarth.com
bbigelow@seyfarth.com
aeggers@seyfarth.com
* admitted pro hac vice

*Counsel for BMW of North America, LLC*

7

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Local Rule 7.1(a)(3)(A), counsel for the movant has conferred with all parties who may be affected by the relief sought in the motion through emails exchanged by counsel for the parties on February 13, 2023 in a good faith effort to resolve the issues raised in the motion. The parties were unable to resolve the issues raised in the motion.

> */s/ Michael F. Suarez*
> Michael F. Suarez
> *Counsel for BMW of North America, LLC*

## CERTIFICATE OF SERVICE

I certify that on February 21, 2023, I filed the foregoing document through CM/ECF with the United States District Court for the Southern District of Florida and that notice will be provided to parties of record and the Court through CM/ECF.

> */s/ Michael F. Suarez*
> Michael F. Suarez
> *Counsel for BMW of North America, LLC*

Dated: February 21, 2023