UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

|  |  |
|---|---|
| **BRAMAN MOTORS, INC**., d/b/a **BRAMAN BMW,** for itself and in the name of the Department of Highway Safety and Motor Vehicles of the State of Florida, for its use and benefit, and<br><br>**PALM BEACH IMPORTS, INC.,** d/b/a **BRAMAN MOTORCARS,** for itself and in the name of the Department of Highway Safety and Motor Vehicles of the State of Florida, for its use and benefit, and<br><br>The **DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES** of the State of Florida, for the use and benefit of Braman Motors, Inc. and Palm Beach Imports, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>**BMW OF NORTH AMERICA, LLC,**<br><br>Defendant. | **Case No. 1:17-cv-23360-DPG** |

**<u>PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Plaintiffs Braman Motors, Inc. and Palm Beach Imports, Inc. (collectively, "Plaintiffs" or "Braman"), by and through its counsel ArentFox Schiff LLP, respectfully submit this memorandum of law in opposition to Defendant BMW of North America, LLC's ("BMW") Motion to Dismiss the Remaining Claims of the Fourth Amended Complaint for Lack of Subject Matter Jurisdiction (ECF No. 391, the "Motion").

## INTRODUCTION

On September 6, 2017, Braman sued BMW asserting several claims, of which three remain: Counts III, IV, and X. Each claim relates to BMW's violation of Fla. Stat. § 320.64(42) (the Florida Dealer Act), which regulates performance metrics. Each claim seeks injunctive relief under § 320.695 to stop BMW from using unlawful performance metrics to evaluate Braman's sales and service performance and determine whether Braman qualifies for tens of millions of dollars in sales incentives.

At the eleventh hour, over five years later, BMW now asserts for the first time that the Court lacks subject matter jurisdiction over Plaintiffs' § 320.695 claims. BMW proffers this late and unsupported argument despite it previously removing § 320.695 claims from state court to this very court. *See, e.g., Pompano Imports, Inc. v. BMW of North America, LLC*, 15-cv-23491-MORENO.[1] In support of its changed position, BMW argues that: (1) there is no diversity jurisdiction because Braman's claim for injunctive relief is a criminal action and not a civil action; and (2) Section 320.695 requires that all claims be brought in a Florida circuit court. BMW cites no binding or persuasive authority in support of either of these arguments. To the contrary, both case law and common sense directly contradict BMW's arguments.

---

[1] The *Pompano* case was later remanded for the unrelated reason that the parties lacked diversity of citizenship. 15-cv-23491, ECF No. 46.

The Florida Dealer Act is a civil remedial statute intended to protect dealers from the abuses of manufacturers. Plaintiffs are seeking injunctive relief that would prevent BMW from continuing to use unfair, arbitrary, and unreasonable metrics to evaluate Plaintiffs' performance and determine whether Braman qualifies to receive tens of millions of dollars in sales incentives. Braman is not seeking any criminal penalties, and of course has no ability seek criminal penalties; neither § 320.695 nor any other provision of Florida law authorizes Braman or any party other than a State Attorney or the Statewide Prosecutor to initiate criminal proceedings. As a civil case with diversity of citizenship of the parties, the Court has subject matter jurisdiction over Braman's claims.

BMW's alternative argument that § 320.695 requires Braman to file this action in a Florida state circuit court is equally unavailing. Not only does § 320.695 have no requirement that parties file in state court, but controlling Eleventh Circuit case law dictates that district courts maintain subject matter jurisdiction even when state statutes purport to require parties to litigate in state court. As the Eleventh Circuit has made clear, states cannot deprive parties of a federal forum.

For all of these reasons, the Court should deny the Motion and specially set this matter for bench trial.

**ARGUMENT**

**I.    The Court Has Diversity Jurisdiction Over the Remaining Claims.**

BMW does not dispute that the traditional elements for subject matter jurisdiction under 28 U.S.C. § 1332(a) are met with respect to each remaining claim. Specifically, BMW does not dispute that the parties are completely diverse, and further does not dispute that the value of the injunctions sought well exceeds the $75,000 amount in controversy threshold for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Instead, BMW argues that diversity jurisdiction does not

exist because the remaining claims are criminal claims. BMW argues that the claims for injunctive relief are criminal because they are brought by Plaintiffs on behalf of the Florida Department of Highway Safety and Motor Vehicles.

BMW's argument is both novel and unsupported. First, "diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought"). Even subsequent events that occur after removal *(e.g.*, a party reduces the claim below the requisite amount or a party is dismissed), do not deprive the district court of jurisdiction. *See id.; see also Webb v. Scottsdale Ins. Co.*, CASE NO. 21-22053-CIV-WILIAMS/MCAILIEY, 2021 WL 4993266, at *1-2 (S.D. Fla. Aug. 16, 2021) (denying motion to remand that was based on damages estimate prepared ***after removal***). No such subsequent events have occurred in this case, but even if they had, this Court would still have jurisdiction over Plaintiff's claims.

Second, there have been no § 320.695 claims in either state or federal court to which the presiding court applied the rules of criminal procedure or criminal standards of proof. To the contrary, courts have routinely applied the rules of *civil* procedure and *civil* standards of proof. This stands to reason, as nowhere does Florida law indicate that § 320.695 claims are criminal in nature. BMW's baseless argument to the contrary implicitly relies on the false premise that state regulatory agencies cannot bring civil actions against the parties they regulate, and that they may initiate only criminal actions. To the contrary, administrative agencies have authority to bring civil actions enforcing regulatory law; they are not limited to enforcing only criminal violations. More to the point, the Department of Highway Safety and Motor Vehicles has **no** authority to initiate

3

criminal proceedings. *See* Florida Constitution, Article IV, Section 4; Florida Constitution, Article V, Section 17 (providing that the power to prosecute violations of criminal laws is vested in state attorneys and the statewide prosecutor). Even BMW in prior cases has rejected the novel argument it now proffers; BMW has removed other § 320.695 claims from state court to federal court. *See, e.g., Pompano Imports, Inc. v. BMW of North America, LLC*, 15-cv-23491-MORENO (ECF No. 1 ¶ 15) (representing that Plaintiff's action, which included § 320.695 claims "is a civil action over which this court has diversity jurisdiction").

In an attempt to support its change of heart about proceeding with a bench trial in federal court, BMW points to § 320.70 of the Florida Dealer Act, which states that a manufacturer found to have violated § 320.64 "shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083." From there, BMW makes the logical leap that any § 320.695 claim alleging violations of § 320.64 is "solely a criminal enforcement action where Plaintiffs have assumed the role of government regulator…." Motion at 3. Not only is there no justification for that leap of logic, but by that rationale, claims for damages brought by dealers under § 320.697 alleging violations of § 320.64 would similarly be "criminal enforcement actions," because they too seek a judgment that a manufacturer violated § 320.64. The fact that violations of § 320.64 can support both civil and criminal claims does not somehow convert civil claims alleging violations of § 320.64 into criminal claims.

The lone case cited by BMW to support its argument is inapposite. In *Florida v. Morales*, Case No: 6:18-cv-1937-Orl-40TBS, 2018 WL 6919513 (M.D. Fla. Jan. 2, 2019), a criminal defendant defending against criminal drug charges brought by the State Attorney attempted to remove the charges from state court to federal court. The criminal case was pending in the Circuit Court of the Ninth Judicial Circuit, and the defendant sought to remove the case to federal court,

4

arguing that removal was proper based on the existence of diversity of citizenship and multiple federal questions raised. *Id*. at *1. The court found Morales's motion for removal to be meritless, because 28 U.S.C. § 1332 and § 1331 "speak solely to ***civil*** actions." *See id.* (emphasis in original). *Morales* dealt with criminal charges under criminal statutes seeking criminal penalties filed by the State Attorney in accordance with the Florida Rules of Criminal Procedure; it does not support BMW's argument that an action filed by a dealer against a manufacturer and seeking injunctive relief is a criminal action. Indeed, no case supports anything remotely close to BMW's position— because that position is incorrect and inconsistent with BMW's own position in prior cases.

The sole remedy available under § 320.695 is injunctive relief, which is precisely what Braman seeks:

> In addition to the remedies provided in this chapter, and notwithstanding the existence of any adequate remedy at law, the department, or any motor vehicle dealer in the name of the department and state and for the use and benefit of the motor vehicle dealer, is authorized to make application to any circuit court of the state for the grant, upon a hearing and for cause shown, of a temporary or permanent injunction, or both, restraining any person from … violating or continuing to violate any of the provisions of ss. 320.60 – 320.70, or from failing or refusing to comply with the requirements of this law or any rule or regulation adopted hereunder. Such injunction shall be issued without bond. A single act in violation of the provisions of ss. 320.60 – 320.70 shall be sufficient to authorize the issuance of an injunction….

Simply put, this is a civil case, and 28 U.S.C. § 1332 therefore provides for subject matter jurisdiction. BMW's argument must be rejected.

## II.   Section 320.695 Does Not and Cannot Preclude a Federal Court from Exercising Subject Matter Jurisdiction.

BMW argues that, because Section 320.695 states that a motor vehicle dealer "is authorized to make application to any circuit court of the state for the grant, upon a hearing and for cause shown, of a temporary or permanent injunction…," this means that a dealer cannot bring any

5

claims under § 320.695 in federal court. BMW cites no case law that supports this argument. Instead, BMW cites to one case that involves the Florida Dealer Act: *Winter Park Imports, Inc. v. JM Auto II, Inc.*, No. 48-2005-CA-005466-O, 2008 WL 8854630 (Fla. Cir. Ct. Apr. 16, 2008). But *Winter Park Imports* involved an analysis of what constitutes a "distributor" or "manufacturer" under § 320.60(5); the case had nothing to do with determining whether the Florida legislature intended to limit jurisdiction over § 320.695 claims to state courts, let alone whether federal law permits such a limitation.

The language of Section 320.695 "authorizes" aggrieved parties to seek relief in state court, but does not require them to do so and does not preclude such parties from seeking relief in federal court. It does not purport to vest "exclusive jurisdiction" in state court. Indeed, the language of § 320.64 states that "[a] motor vehicle dealer who can demonstrate that a violation of, or failure to comply with, any of the preceding provisions by an applicant or licensee will or may adversely and pecuniarily affect the complaining dealer, ***shall be entitled to pursue all of the remedies, procedures, and rights of recovery available under ss. 320.695 and 320.697***." (emphasis added). It would be nonsensical to interpret this language as requiring a dealer to bring claims for injunctive relief under § 320.695 exclusively in state court but allowing claims for damages under § 320.697 in federal court, particularly when dealers often bring both claims and seek both forms of relief as a result of manufacturers violating the Florida Dealer Act. Florida did not attempt to limit these remedies to exclusive state court jurisdiction.

But alternatively, even if the Florida legislature intended to insulate parties from federal court, the constitutional and statutory federal rights of diverse parties to seek relief in federal court displaces and is supreme to Florida law. *See* U.S. Constitution, Article III, Section 2 ("The judicial Power shall extend … to Controversies … between Citizens of different States."); 18 U.S.C. §

1332 (providing for diversity jurisdiction); U.S. Constitution, Article VI ("This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding."). Florida simply does not have the power to limit the authority or jurisdiction of federal courts as enumerated by the United States Constitution and federal statute.

BMW disputes this basic foundational principle with reference to three unreported district court rulings from other circuits, each of which BMW misconstrues. In *Gentry v. Kirkman*, a district court in Kentucky did not rule on subject matter jurisdiction, but instead abstained from considering the case under the doctrine of *Burford* abstention. *See* Civil Action No. 1:06CV-52-M, 2006 WL 2078422, at *2 (W.D. Ky. July 20, 2006). In *American Family Mutual Insurance Company v. Schulz*, a district court in Illinois dismissed the claim because the **federal statute** under which the action was brought limited jurisdiction to state court. *See* Case No. 13–cv–8011, 2014 WL 5333499 at *2 (N.D. Ill. Oct. 20, 2014). Similarly, in *Missouri ex rel. Carnahan v. Stifel, Nicolaus & Co.*, a district court in Missouri remanded the claim to state court because the **federal statute** under which the action was brought precluded the defendants from removing the action to federal court. *See* 648 F. Supp. 2d 1095, 1099 (E.D. Mo. 2009), order clarified (Aug. 7, 2009). None of these cases supports BMW's contention that **state** legislatures have the power to erode the jurisdiction of federal courts.

To the contrary, BMW ignores binding Eleventh Circuit precedent that is directly on point. In *Menchise v. Akerman Senterfitt*, the Eleventh Circuit held as follows:

> Steffen also argues that the plain language of section 768.79 [the Florida offer of judgment statute] precludes its application to actions filed in federal court.

> [...E]ven if we were to read "filed in the courts of [Florida]" as an attempt by the Florida legislature to limit the application of section 768.79 to actions brought in Florida courts, that attempt would fail because Florida cannot discriminate against a federal forum. Under the Supremacy clause of the Constitution, a state can discriminate neither against a federal cause of action, nor against a party's resort to a federal forum. **When federal courts apply state law, whether in bankruptcy or diversity, they do so as a matter of federal policy that cannot be disfavored by a state.**

532 F.3d 1146, 1150-51 (11th Cir. 2008) (emphasis added). Consistent with *Menchise*, the Court should read § 320.695 to allow aggrieved parties to file claims in federal district court in Florida when diversity jurisdiction exists – as it undisputedly does here. United States District Courts in Florida are "courts of Florida because they adjudicate claims under Florida law and are part of the judicial system in that state." *Id.*

In sum, federal courts have routinely exercised subject matter jurisdiction over § 320.695 claims, and the Court should do so again here. *See, e.g.*, *Central Buick, GMC, Inc. v. General Motors*, LLC, Case No. 8:15–cv–2393–T–27AAS, 2017 WL 2819807, at *1 (M.D. Fla. June 28, 2017) (dealer plaintiff brought a single count complaint for injunctive relief under § 320.695, and defendant removed the action on the basis on diversity jurisdiction). BMW itself has asserted in prior cases that this Court has subject matter jurisdiction over § 320.695 claims. There is simply no support for BMW's arguments.

## <u>CONCLUSION</u>

For these reasons, the Motion should be denied.

Dated: March 7, 2023

Respectfully submitted,

**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle
Coral Gables, FL 33134
Tel: (305) 476-7000

By: */s/ Curtis Miner*
Roberto Martínez
Florida Bar # 305596
bob@colson.com
Curtis Miner
Florida Bar # 885681
curt@colson.com

**ARENTFOX SCHIFF LLP**

By:*/s/ Charles Gallaer*
Russell P. McRory (Pro Hac Vice)
Michael P. McMahan (Pro Hac Vice)
Charles A. Gallaer (Florida Bar # 117729)
Daisy M. Sexton (Pro Hac Vice)
1301 Avenue of the Americas, Fl. 42
New York, NY 10019
Tel: (212) 484-3900
Fax: (212) 484-3990
russell.mcrory@arentfox.com
michael.mcmahan@arentfox.com
charles.gallaer@arentfox.com
daisy.sexton@arentfox.com

David S. Leibowitz
General Counsel
Brian J. Shack
Associate General Counsel
Braman Management Association
2060 Biscayne Blvd, Second Floor
Miami, FL 33137
davidl@bramanmanagement.com
bshack@bramanmanagement.com

*Counsel for Plaintiffs*

9