UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| BRAMAN MOTORS, INC., *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC, <br><br>  Defendant. | Civil Action No. 17-cv-23360-DPG |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Peter S. Baumberger
Michael F. Suarez
**KUBICKI DRAPER, P.A.**
9100 S. Dadeland Blvd., Suite 1800
Miami, Florida 33156
(305) 374-1212
psb@kubickidraper.com
mfs@kubickidraper.com

John R. Skelton*
Brandon L. Bigelow*
Alison K. Eggers*
**SEYFARTH SHAW LLP**
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
(617) 946-4800
jskelton@seyfarth.com
bbigelow@seyfarth.com
aeggers@seyfarth.com
* *admitted pro hac vice*

Date:  March 14, 2023         *Counsel for BMW of North America, LLC*

# I. INTRODUCTION

Defendant BMW of North America, LLC ("BMW") submits this Reply in support of its motion to dismiss (without prejudice) the sole remaining claims of Plaintiffs' Fourth Amended Complaint (ECF 222). Given the Court's recent rulings, the Court does not have subject matter jurisdiction to adjudicate the remaining claims.

BMW does not dispute that Plaintiffs' Fourth Amended Complaint appropriately asserted subject matter jurisdiction when originally filed as an action for damages and attorneys' fees given the claims asserted and relief sought.[1] However, following the Final Order on the parties' cross-motions for summary judgment (ECF 356) and the Court's order on Defendant's Motion in Limine (ECF 381), the action changed significantly. This is no longer a case by an aggrieved dealer seeking damages under Fla. Stat. § 320.697, which could be asserted "in any court of competent jurisdiction." Instead, it is now solely a regulatory enforcement action on behalf of the Florida Department of Highway Safety and Motor Vehicles (the "Department") under Fla. Stat. § 320.695. Given the plain and ambiguous language of Fla. Stat. §§ 320.60-320.70 (the "Florida Dealer Act"), the Court no longer has subject matter jurisdiction over this dispute because (1) Plaintiffs' claims on behalf of the Department carry potential criminal penalties, thereby destroying diversity jurisdiction under 28 U.S.C. § 1332; and (2) under Fla. Stat. § 320.695, unlike damages claims under § 320.697 which can be made "in any court of competent jurisdiction," an application for an injunction on behalf of the Department is to be made in "*any circuit court of the state*" (emphasis added).

In their Opposition, Plaintiffs argue the Court still has jurisdiction over the remaining claims. As to the issue of 28 U.S.C. § 1332 diversity jurisdiction, Plaintiffs contend that they are not seeking

---

[1] At the time this case was filed, the Court had supplemental subject matter jurisdiction over the § 320.695 claims through the now dismissed § 320.697 claims for damages and fees. *See* 28 U.S.C. § 1367(a) (district court can exercise supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...."). As discussed above, however, that is no longer the case.

criminal penalties, Florida law does not authorize the Department to seek criminal penalties, and, in all events, the Court's orders after the filing of Plaintiffs' Fourth Amended Complaint cannot destroy jurisdiction. With regard to the unambiguous language in § 320.695 directing injunction actions to be asserted in a state of Florida circuit court while damages claims can be asserted in any court of competent jurisdiction, Plaintiffs argue: (1) the different language between § 320.697 and § 320.695 is meaningless and an application for injunctive relief can be filed in any court; and (2) the Florida legislature cannot not deprive Plaintiffs of a federal forum.

As set forth below, Plaintiffs are wrong on each account. Plaintiffs cannot simply ignore the unambiguous language and provisions of the Florida Dealer Act. Because the Court lacks subject matter jurisdiction over the sole remaining claims brought on behalf of the Department, those claims should be dismissed (without prejudice).

## II.   ARGUMENT

**A.   Because it Carries Potential Criminal Penalties, the Court Lacks Diversity Jurisdiction Over Plaintiffs' Regulatory Enforcement Action.**

Plaintiffs' sole remaining claims seek, in the name of the Department, an order that BMW's Dealer Sales Loyalty, Service Effectiveness, and Dealer Effectiveness metrics violate Fla. Stat. 320.64(42)(a) and are thus "illegal," and BMW should be enjoined from using those metrics. Plaintiffs argue that their request for injunctive relief under § 320.695 is not criminal in nature and that the Department has no authority to bring criminal proceedings. Opp. pp. 3-4. Plaintiffs ignore, however, the plain and unambiguous language of the Florida Dealer Act, including Fla. Stat. § 320.70, which provides that an auto manufacturer found to have violated the Florida Dealer Act "shall be guilty of a misdemeanor of the first degree," punishable by up to one year of imprisonment

and possibly an additional fine not exceeding $1,000.[2]  Fla. Stat. §§ 775.082, 775.083. While Plaintiffs asserted the now dismissed damages claims, they also chose to seek injunctive relief in the name of the Department and thus as a government regulator which would impact all Florida BMW dealers.  Because Plaintiffs seek an injunction on behalf of the Department "restraining [BMW] . . . from … violating or continuing to violate any of the provisions of ss. 320.60-320.70," establishing a violation of the Florida Dealer Act is a requisite element of Plaintiffs' claims, the finding of which carries potentially criminal penalties.

Plaintiffs do not dispute there is no 28 U.S.C. § 1332 diversity jurisdiction over criminal enforcement actions, nor could they. *See Florida v. Morales*, 2018 WL 6919513, at *1 (M.D. Fla. Dec. 4, 2018), *report and recommendation adopted*, 2019 WL 77419 (M.D. Fla. Jan. 2, 2019). Instead, relying on cases involving removed actions, Plaintiffs incorrectly argue that diversity jurisdiction under 28 U.S.C. § 1332 cannot be destroyed by the Court's rulings during a case. Opp. p. 3.  While federal courts in removed cases sometimes observe that jurisdictional facts are assessed at the time of removal regardless of later events, any such "time-of-filing" analysis is inapplicable here.  BMW did not remove this case to federal court.  Rather, Plaintiffs chose both the federal forum and the claims to assert, including the injunction claims on behalf of the Department.

Further, "subject matter jurisdiction can never be waived," *United States v. Moore*, 954 F.3d 1322, 1336 (11th Cir. 2020), and questions of subject matter jurisdiction "may be raised at any time." *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir. 2016).  If the Court becomes aware that it lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003) (district courts "always have an obligation to examine

---

[2] In addition to the criminal penalties potentially imposed under § 320.70, § 320.57 also provides that "any person convicted of violating any of the provisions of this chapter [320] is, unless otherwise provided herein, guilty of a misdemeanor of the second degree," punishable by up to 60 days and possibly an additional fine not exceeding $500. Fla. Stat. §§ 775.082, 775.083.

3

*sua sponte* their jurisdiction before reaching the merits of any claim"). The Court's recent dismissal of Plaintiffs' claims for damages, which formed the basis for subject matter jurisdiction, is why the jurisdiction issue is now relevant.  *See* BMW's Pre-Trial Memorandum (ECF 386 at 5).

**B.     The Florida Legislature's Plain and Unambiguous Language Confirms That A Regulatory Action for Injunctive Relief Should Be Adjudicated in a Florida State Court.**

While this case was brought by Plaintiffs and litigated by the Parties as an action for damages, because Plaintiffs have suffered no pecuniary harm and the damages claims have been dismissed, it is now solely a regulatory action on behalf of the Department.  Had this case initially been brought solely as an injunction action, by or on behalf of the Department, the express terms of Fla. Stat. § 320.695 make clear it was required to be made in "any circuit court of the state."

The language of § 320.695 is in distinct contrast to § 320.697 which provides that a damages claim can be brought in "any court of competent jurisdiction."  Plaintiffs do not contend that § 320.695 is in any way ambiguous.  Rather, Plaintiffs argue the Court should simply ignore the differing language of § 320.695 and § 320.697 because Plaintiffs claim applying such unambiguous language would lead to a "nonsensical" result.  Opp. p. 6.  First, Plaintiffs' argument contravenes the cardinal rule of statutory construction: "[T]he starting point for interpreting a statute is the language of the statute itself.... [A]bsent a clearly expressed legislative intent to the contrary, that language is generally dispositive." *Smith v. Under Armour, Inc.*, 593 F. Supp. 2d 1281, 1286 (S.D. Fla. 2008); *see also Conn. Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others.  We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. . . When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'").  There is no ambiguity or vagueness in the language of § 320.695 which expressly provides that applications for injunctive relief be made in "any circuit

4

court of the state." Second, not only is the legislative directive clear but it also reflects a distinct legislative policy that regulatory actions seeking to declare a violation of the Florida Dealer Act and issue an injunction affecting all Florida dealers be adjudicated by a Florida state court.

The implication of the distinct language of § 320.695 and § 320.697 and the objective of the Florida legislature is further demonstrated by its recent legislative activity. On February 7 and 10, 2023, bills were filed in the Florida House and Senate, respectively, to amend § 320.695 by changing the directive that an application be filed in "any circuit court of the state" and instead allowing such application to be filed in "any court of competent jurisdiction," as is currently found in § 320.697. Fla CS SB 712, § 4 (2023); Fla. CS HB 637, § 5 (2023). If the differing language is meaningless and should simply be ignored by this Court, there would be no reason to amend § 320.695. Unless and until the statutory language is amended and made applicable to this case, the language in § 320.695 means Plaintiffs cannot adjudicate the § 320.695 injunctive relief claims on behalf of the Department in federal court.

Plaintiffs further contend that, even assuming the Florida legislature intended to insulate § 320.695 enforcement actions from federal court, the state cannot do so. Opp. pp. 6-7. On the contrary, Florida administrative actions are often excluded from federal court. *See Johnson v. Albertson's LLC*, 2008 WL 3286988, at *2 (N.D. Fla. Aug. 6, 2008) (holding that 28 U.S.C. § 1441 does not authorize removal of an action from a Florida administrative agency); *Bellsouth Telecomms., Inc. v. Vartec Telecom, Inc*., 185 F. Supp. 2d 1280, 1285 (N.D. Fla. 2002) (denying removal of Florida Public Service Commission proceeding under 28 U.S.C. § 1441). Such regulatory actions include, for example, dealer protests against auto manufacturers conducted by the Department under § 320.699. Like other regulatory actions, the unambiguous language of § 320.695 means the Florida legislature intended applications for injunctive relief on behalf of the Department be decided by a state court. That directive must be followed.

5

Plaintiffs' reliance on *Menchise v. Akerman Senterfitt*, 532 F.3d 1146 (11th Cir. 2008) does not change this analysis or confer jurisdiction.  In *Menchise*, the court held that a Florida statute limiting the application of an offer of judgment statute to state court cases discriminated against federal courts because some claims (there, a negligence claim) may be brought in both state and federal courts. *Id.* at 1150.  The statute at issue provided that "in any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees."   Fla. Stat. § 768.79.  While the statute in *Menchise* established a unique procedural requirement found to "thwart" federal review, in contrast, § 320.695 creates an independent state statutory action for a regulatory entity.  The state of Florida has the right to limit the Department's enforcement actions to the "circuit courts of the state." *Cf. Missouri ex. rel. Carnahan*, 648 F. Supp. 2d 1095, 1098 (E.D. Mo. 2009), *order clarified* (Aug. 7, 2009) (removal of action by state securities commissioner "denies the State of Missouri its right under the laws of the State of Missouri to bring enforcement actions in state court."); *Am. Family Mut. Ins. Co. v. Schulz*, 2014 WL 5333499, at *3 (N.D. Ill. Oct. 20, 2014) (state created statutory right which "implicates several public policies" was reason why such claims were to be litigated in state circuit court as provided in the statute).

### III.   CONCLUSION

Because the only remaining claims in Counts III, IV, and X of the Fourth Amended Complaint are for injunctive relief brought in the name and on behalf of the Department, there is no subject matter jurisdiction over those claims. The Court should dismiss (without prejudice) the remaining claims under Rule 12(b)(1).

Respectfully submitted,

BMW OF NORTH AMERICA, LLC

*/s/ Michael F. Suarez*
Peter S. Baumberger
Michael F. Suarez
**KUBICKI DRAPER, P.A.**
25 West Flagler Street, Penthouse
Miami, Florida 33130
(305) 982-6774
psb@kubickidraper.com
mfs@kubickidraper.com

John R. Skelton*
Brandon L. Bigelow*
Alison K. Eggers*
**SEYFARTH SHAW LLP**
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
(617) 946-4800
jskelton@seyfarth.com
bbigelow@seyfarth.com
aeggers@seyfarth.com
* *admitted pro hac vice*

DATED: March 14, 2023                *Counsel for BMW of North America, LLC*


## CERTIFICATE OF SERVICE

I certify that on March 14, 2023, I filed the foregoing document through CM/ECF with the United States District Court for the Southern District of Florida and that notice will be provided to parties of record and the Court through CM/ECF.

*/s/ Michael F. Suarez*
Michael F. Suarez
*Counsel for BMW of North America, LLC*

Dated:  March 14, 2023