UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-23360-CIV-GAYLES/OTAZO-REYES

BRAMAN MOTORS, INC., d/b/a
BRAMAN BMW, for itself and in the name
of the Department of Highway Safety and
Motor Vehicles of the State of Florida, for its
use and benefit,

PALM BEACH IMPORTS, INC., d/b/a
BRAMAN MOTORCARS, for itself and in
the name of the Department of Highway Safety
and Motor Vehicles of the State of Florida, for
its use and benefit, and

THE DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES of the
State of Florida, for the use and benefit of
Braman Motors, Inc. and Palm Beach Imports,
Inc.,

    Plaintiffs,
v.

BMW OF NORTH AMERICA, LLC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION RE:
MOTION TO DISMISS [D.E. 391]**

THIS CAUSE came before the Court upon Defendant BMW of North America, LLC's ("BMW NA" or "Defendant") Motion to Dismiss the Remaining Claims of the Fourth Amended Complaint for Lack of Subject Matter Jurisdiction (hereafter, "Motion to Dismiss") [D.E. 391]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 289]. The undersigned held a hearing on this matter on April 11, 2023 (hereafter, "Hearing") [D.E. 399]. Thereafter, pursuant to the undersigned's instructions, Plaintiffs Braman Motors, Inc. d/b/a Braman BMW and co-Plaintiff Palm Beach Imports, Inc., d/b/a Braman Motorcars (together, "Plaintiffs" or "Braman") submitted a post-hearing sur-reply to address arguments raised by Defendant at the Hearing that were not raised in

Defendant's briefs [D.E. 400]. Having fully considered the parties' written submissions and the argument of counsel, the undersigned respectfully recommends that Defendant's Motion to Dismiss be DENIED.

## PLAINTIFFS' SURVIVING CLAIMS

In their Fourth Amended Complaint, Plaintiffs allege that they are franchised BMW NA dealers in Florida pursuant to the Florida Motor Vehicle Dealer Act (also referred to as "the Florida Dealer Act"). See Fourth Am. Compl. [D.E. 222 ¶ 11]. Plaintiffs further allege that each of them is a party with BMW NA to a Dealer Agreement, whose terms bind their respective relationships. Id. ¶¶ 19-23.

After a ruling on the parties' Cross Motions for Summary Judgment, only the following claims in the Fourth Amended Complaint remain for trial:

| | |
|---|---|
| Count III: | Violation of the Florida Dealer Act, Fla. Stat. § 320.64(42)(a)<br>Sales Loyalty Component – 1.75% MSRP |
| Count IV: | Violation of the Florida Dealer Act, Fla. Stat. § 320.64(42)(a)<br>Service Effectiveness Component – 1.75% MSRP |
| Count X: | Violation of the Florida Dealer Act, Fla. Stat. §§ 320.64(42)(a) |

See generally Fourth Am. Compl. [D.E. 222]; Order [D.E. 356].[1]

Plaintiffs seek injunctive relief in Count X pursuant to Fla. Stat. § 320.695 and previously sought injunctive relief and damages in Counts III and IV pursuant to Fla. Stat. §§ 320.695, 320.697. See Fourth Am. Compl. [D.E. 222 at 26–28, 36–37]. However, on April 22, 2022, Plaintiffs stipulated in a joint motion that: "The Parties Agree that in this matter, a jury trial is not warranted and the case should proceed with a non-jury trial. This is in light of the nature of the relief sought pursuant to Braman's statutory claims, which are exclusively injunctive." See Joint

---

[1] Plaintiffs had also asserted Counts III, IV, and X in the Fourth Amended Complaint against Bayerische Motoren Werke Aktiengesellschaft, who has since been dismissed with prejudice from the lawsuit. See Amended Order [D.E. 357].

Motion for Withdrawal of Jury Demand and for Entry of Stipulated Order for Non-Jury Trial and Modifying Scheduling Order (hereafter, "Joint Motion") [D.E. 361 at 1]. The Court granted the Joint Motion. See Paperless Order Granting Joint Motion [D.E. 362]. Defendant subsequently filed a Motion in Limine [D.E. 366] seeking, in part, to limit Plaintiffs from offering at trial evidence of damages in support of Counts III and IV. The Court granted the relief sought and precluded Braman from "offering evidence of nominal damages in support of Counts III and IV of Braman's Fourth Amended Complaint". See Order [D.E. 381 at 2]. Thus, the three remaining claims in this case seek only injunctive relief on behalf of the Plaintiffs and in the name of the Florida Department of Highway Safety and Motor Vehicles (the "Department"). See Fourth Am. Compl. [D.E. 222 at 26–28, 36–37].

In its Motion to Dismiss, BMW NA argued that, given their limitation to injunctive relief, Counts III, IV and X should be dismissed for lack of subject matter jurisdiction. See generally Motion to Dismiss [D.E. 391]. However, at the Hearing, BMW NA argued instead that the Court does in fact have subject matter jurisdiction over those claims in the form of supplemental jurisdiction, but that the Court should, in its discretion, decline to exercise it. As discussed below, the undersigned finds no merit in Defendant's arguments.

## APPLICABLE LAW

1. **Subject Matter Jurisdiction**

Subject matter jurisdiction "involves a court's power to hear a case." United States v. Cotton, 535 U.S. 625, 630 (2002). A federal district court has original subject matter jurisdiction when a case presents a "federal question" under 28 U.S.C § 1331, or through "diversity of citizenship" under § 1332. See Pompano Imports, Inc. v. BMW of N. Am., LLC, Case No. 15-23491, 2016 WL 958629, *6 (S.D. Fla. Mar. 8, 2016) (quotations and citations omitted). "A federal court has 'diversity of citizenship' jurisdiction when there is complete diversity of

citizenship among the parties and the plaintiffs presents a claim that exceeds the required jurisdictional amount [of] $75,000." Id. (citing 28 U.S.C. §1332).

Further, 28 U.S.C. § 1367(a) provides that district courts with original jurisdiction over a case shall have supplemental jurisdiction over pendent state claims "which arise out of a common nucleus of operative fact with a substantial federal claim." See Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742–43 (11th Cir. 2006); 28 U.S.C. § 1367(a). However, district courts may decline in their discretion to exercise supplemental jurisdiction under anyone of four situations listed in 28 U.S.C. § 1367(c):

> (1) the claim rases a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)–(4). "The district court's discretion is broad" and "continues throughout the proceeding." See Silas v. Sheriff of Broward Cty., Florida, 55 F.4th 863, 866 (11th Cir. 2022) (internal quotations and citation omitted). The Eleventh Circuit has explained that supplemental jurisdiction is a "doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values", and that "considerations of judicial economy, convenience, fairness and comity may influence the court's discretion." Id. (internal quotations and citations omitted).

### 2. Relevant Florida Dealer Act Provisions

The Florida Dealer Act, Fla. Stat. §§ 320.60-320.70, provides relief to a dealer, where:

> (42)(a) The applicant or licensee has established, implemented, or enforced criteria for measuring the sales or service performance of any of its franchised motor vehicle dealers in this state which have a material or adverse effect on any motor vehicle dealer and which:
>
> 1. Are unfair, unreasonable, arbitrary, or inequitable; or

> 2. Do not include all relevant and material local and regional criteria, data, and facts. Relevant and material criteria, data, or facts include, but are not limited to, those of motor vehicle dealerships of comparable size in comparable markets. If such performance measurement criteria are based, in whole or in part, on a survey, such survey must be based on a statistically significant and valid random sample.

Florida Dealer Act § 320.64(42(a)).

Sections 320.695 and 320.697 of the Florida Dealer Act (hereafter, "Sections 320.695 and 320.697") provide remedies for such violations in the form of injunctive relief and treble damages as follows:

> In addition to the remedies provided in this chapter, and notwithstanding the existence of any adequate remedy at law . . . any motor vehicle dealer in the name of the department and state and for the use and benefit of the motor vehicle dealer, is authorized to make application **to any circuit court of the state** for the grant, upon a hearing and for cause shown, of a temporary or permanent injunction, or both, restraining any person from . . . violating or continuing to violate any of the provisions of ss. 320.60-320.70, or from failing or refusing to comply with the requirements of this law or any rule or regulation adopted hereunder. Such injunction shall be issued without bond. A single act in violation of the provisions of ss. 320.60-320.70 shall be sufficient to authorize the issuance of an injunction. . . .

Id. § 320.695 (emphasis added).

> Any person who has suffered pecuniary loss or who has been otherwise adversely affected because of a violation by a licensee of ss. 320.60-320.70, notwithstanding the existence of any other remedies under ss. 320.60-320.70, has a cause of action against the licensee for damages and may recover damages therefor **in any court of competent jurisdiction** in an amount equal to 3 times the pecuniary loss, together with costs and a reasonable attorney's fee to be assessed by the court. Upon a prima facie showing by the person bringing the action that such a violation by the licensee has occurred, the burden of proof shall then be upon the licensee to prove that such violation or unfair practice did not occur.

Id. § 320.697 (emphasis added).

## **DISCUSSION**

In its written submissions, BMW NA argued that Plaintiffs' Fourth Amended Complaint should be dismissed without prejudice because: (1) the Court no longer has diversity jurisdiction

over Plaintiffs' surviving claims for injunctive relief since the case is now "solely a criminal enforcement action" under § 320.695; and (2) § 320.695 requires that Plaintiffs' claims be brought in a Florida circuit court rather than in a federal forum. See Motion to Dismiss [D.E. 391 at 2–4]. However, at the Hearing, BMW NA modified its arguments and contended that the Court does have supplemental jurisdiction over Plaintiffs' remaining claims but that the Court should decline to exercise such jurisdiction under 28 U.S.C. § 1367(c) (hereafter, "Section 1367(c)") because: (1) this case raises a novel or complex issue of state law; (2) the Court lost original jurisdiction over the case when it dismissed Plaintiffs' claims for damages under § 320.697; and (3) exceptional circumstances exist which compel that the Court should decline jurisdiction. As discussed below, the Court continues to have diversity jurisdiction over this case; therefore, Defendant's supplemental jurisdiction arguments are superfluous. Nevertheless, the undersigned will address those arguments for the sake of completeness.

**A. The Court continues to have diversity jurisdiction over this case.**

At the Hearing, BMW NA conceded that, at the time the case was filed, the Court had original jurisdiction based on diversity of citizenship, because the parties are completely diverse and the amount of damages sought by Plaintiffs exceeded the $75,000 amount in controversy threshold for diversity jurisdiction. See 28 U.S.C. § 1332(a). However, BMW NA argues that the Court lost diversity jurisdiction once it dismissed Plaintiffs' § 320.697 claims for damages, leaving the Court with only supplemental jurisdiction over Plaintiffs' § 320.695 claims for injunctive relief. Plaintiffs counter that a supplemental jurisdiction analysis is not needed because subject matter jurisdiction that attaches at the time of filing is not lost at later stages. See Sur-Reply [D.E. 400 at 1–2]. For this argument, Plaintiffs rely on Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570–71 (2004), which provides:

> It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought. This time-of-filing rule is hornbook law

6

> (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against **the state of facts that existed at the time of filing** – whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.

Id. (emphasis added) (internal quotations and citations omitted).

Moreover, diversity jurisdiction which existed at the time of filing is not divested by subsequent events, including changes to the amount in controversy. See id.; see also Freeport-McMoran, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) ("We have consistently held that if [diversity] jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938) ("[R]ulings of the district court after removal [that] reduce the amount recoverable below the jurisdictional requirement will not justify remand" and a reduction of the requisite amount by amendment of the pleadings "does not deprive the district court of jurisdiction."); PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1306 (11th Cir. 2016) (The "district court's jurisdiction to entertain the motion to confirm was unaffected by the reduced amount in controversy. . . because "diversity jurisdiction is determined at the time of filing the complaint".).

Thus, the undersigned finds that the Court continues to have diversity jurisdiction over this case, thereby making Defendant's supplemental jurisdiction analysis superfluous. Nevertheless, after considering Defendant's arguments for the sake of completeness, the undersigned finds no reason under § 1367(c) for the Court to decline to exercise any such supplemental jurisdiction.

### B. Supplemental jurisdiction analysis

#### i. Novel or Complex Issues of State Law

At the Hearing, BMW NA argued that the Court should decline to exercise supplemental jurisdiction under § 1367(c)(1) because this case presents complex and novel issues of law. First, BMW NA argues that "this is no longer a civil case by an aggrieved dealer seeking damages" but

7

is "now solely a criminal enforcement action where Plaintiffs have assumed the role of government regulator" by virtue of their injunctive relief claims under § 320.695.  See Motion [D.E. 391 at 3]. BMW NA originally used this argument in its Motion to Dismiss to support its contention that the Court lacks diversity jurisdiction, but BMW NA now uses it to contend that the criminal implications imposed by the Florida Dealer Act are complex issues of state law better suited for state court.  However, the undersigned finds no merit in BMW NA's attempt to now characterize this case as a criminal matter.

Section 320.695 is a civil statute that allows "any motor vehicle dealer in the name of the department and state and for the use and benefit of the motor vehicle dealer" to apply for an injunction against a motor vehicle dealer for violating the Florida Dealer Act.  See Fla. Stat. § 320.695.  Nowhere in the statute are criminal penalties imposed.  See id.  BMW NA points to § 320.70 of the Florida Dealer Act, which states that a manufacturer found to have violated Section 320.64 "shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083."  See Fla. Stat. § 320.70.  However, the possible criminal implications of § 320.70 are separate and distinct from the civil remedy of injunctive relief afforded in § 320.695, which is the only state statute that is now involved in this case.    Thus, there is no basis for BMW NA's argument regarding novel or complex issues of state law better suited for state court.

At the Hearing, BMW NA also argued that § 320.695 presents a complex issue of state law because it requires that claims brought under the statute be brought in state circuit court.  Section 320.695 provides, in relevant part:

> [A]ny motor vehicle dealer in the name of the department and state and for the use and benefit of the motor vehicle dealer, is authorized to make application **to any circuit court of the state** for the grant, upon a hearing and for cause shown, of a temporary or permanent injunction, or both . . . .

Fla. Stat. § 320.695 (emphasis added).  BMW NA compares this language with that of § 320.697, which states, in relevant part:

8

> Any person who has suffered pecuniary loss or who has been otherwise adversely affected because of a violation by a licensee of ss. 320.60-320.70, notwithstanding the existence of any other remedies under ss. 320.60-320.70, has a cause of action against the licensee for damages and may recover damages therefor **in any court of competent jurisdiction** . . . .

Fla. Stat. § 320.697 (emphasis added). BMW NA maintains that, should the Court choose to exercise supplemental jurisdiction over Plaintiffs' remaining claims, it will have to resolve the language discrepancy regarding venue between the two statues. However, the only interpretation required at this juncture is of § 320.695; and, as a matter of federal law, § 320.695 cannot be read to limit the forum to a state circuit court because the Supremacy Clause of the Constitution prohibits a state from discriminating against a federal cause of action or "against a party's resort to a federal forum". See Menchise v. Akerman Senterfitt, 532 F.3d 1146, 1150–51 (11th Cir. 2008) ("Florida cannot discriminate against a federal forum . . . . federal courts apply state law, whether in bankruptcy or diversity, they do so as a matter of federal policy that cannot be disfavored by a state."). Therefore, the undersigned finds no merit in Defendant's argument that § 320.695 presents a novel or complex issue of state law that is better addressed in state court.

        **ii.    Purported dismissal of original jurisdiction claims and exceptional circumstances**

At the Hearing, BMW NA argued in the alternative that the Court should decline to exercise supplemental jurisdiction under § 1367(c)(3) and (4). With respect to § 1367(c)(3), which addresses dismissal of all claims over which the Court had original jurisdiction, the undersigned finds no merit in this argument for the same reasons discussed above regarding the Court's continued jurisdiction over this case. With respect to § 1367(c)(4), BMW NA argues that any criminal implications arising from this case presents an "exceptional circumstance" that should compel this Court to decline exercising supplemental jurisdiction. See § 1367(c)(4). For this argument, BMW NA relies on Silas, 55 F.4th at 864-67, where the plaintiff brought federal claims and state claims on behalf of her late husband against the Sheriff of Broward County, Florida. Id.

at 864.  After dismissing the federal claims, the district court initially continued to exercise supplemental jurisdiction over the pendent state claims and set the matter for trial.  Id.  However, two days before trial, the Sheriff moved to dismiss the state claims because the plaintiff had not been appointed as the personal representative of her husband's estate.  Id.  The court cancelled trial and subsequently declined to exercise supplemental jurisdiction, stating that it "'would not normally decline supplemental jurisdiction over a case on the eve of trial'" but that it could not move forward because the plaintiff "'lack[ed] standing to prosecute th[e] case'" due to her failure to secure a personal representative of her husband's estate.  Id. at 865.  The district court concluded that although it "'would likely have abated and not dismissed the case [so] the trial would have been postponed . . . due to the backlog of criminal trials . . . there [wa]s no certainty that this court would have been able to try th[e] case in the near future'" and remanded the case to state court.  Id.  On appeal, the Eleventh Circuit found that the district court did not abuse its "broad" discretion in remanding the state law claims because "this was not the usual case in which [the court] should exercise supplemental jurisdiction" given the court's backlog of criminal trials and uncertainty in trying the case in the "'near future'".  Id. at 866–67.

In contrast, none of the factors that favored remand in Silas are present here.  Unlike in Silas, there is no dispute that Plaintiffs have standing and there are no concerns about the Court's ability to timely try the case.  Moreover, as discussed above, the undersigned finds no merit in BMW NA's attempt to now characterize this case as a criminal matter.   Hence, judicial economy actually favors continuing to address this case in federal court, as it was filed in 2017 and considerable judicial resources have already been expended to get it ready for trial.  Therefore, in the Court's broad discretion and given "considerations of judicial economy, convenience, fairness and comity", the undersigned finds no extraordinary circumstances to compel the Court to decline to exercise any supplemental jurisdiction it may have over this case.  Id. at 866.

## **RECOMMENDATION**

Based on the foregoing considerations, it is

RESPECTFULLY RECOMMENDED that Defendant's Motion to Dismiss [D.E. 391] be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 28th day of April, 2023.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:  United States District Judge Darrin P. Gayles
     Counsel of Record